UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-22054-Civ-COOKE/TORRES

UNITED STATES OF
AMERICA,

    Plaintiff,

vs.

TIMOTHY WILLIAMS,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

THIS CASE is before me on the Plaintiff's Motion for Summary Judgment (ECF No. 14). On February 3, 2015, I directed Defendant to respond, by March 3, 2015, to Plaintiff's Motion for Summary Judgment and to the Complaint, and advised Defendant that failure to respond "may result in the Court granting the motion and entering judgment against him." (ECF No. 16). On May 19, 2015, I entered an Order to Show Cause requiring Defendant to show cause within fourteen days why Plaintiff's Motion for Summary Judgment should not be granted. (ECF No. 19). To date, Defendant has not responded to the Complaint, the Motion for Summary Judgment, or the Order to Show Cause.

### I.    Undisputed Material Facts

The record demonstrates that the following material facts are undisputed. On or about February 24, 1988 and June 14, 1988, Defendant executed promissory notes to secure student loans of $2,625.00 and $2,625.00 from Glendale Federal at 8.0 percent interest per annum. (ECF Nos. 14-1, 14-2). The Florida Department of Education, Office of Student Financial Assistance, guaranteed Defendant's loan obligations, which were then reinsured by the U.S. Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). (ECF No. 14-2).

1

The holder, Glendale Federal, demanded payment according to the terms of the promissory notes and credited $0.00 to the outstanding principal owed on the loans. (ECF No. 14-2). The Defendant defaulted on the loan obligations on May 8, 1990 and May 7, 1990. (*Id.*).

Due to the default, the guaranty agency, Florida Department of Education, paid a claim in the amount of $5,607.29 to the holder, Glendale Federal. (*Id.*). The guarantor was then reimbursed for that claim payment by the U.S. Department of Education under its reinsurance agreement. (*Id.*). The guarantor attempted to collect the debt from Defendant; however, the guarantor was unable to collect the full amount due. (*Id.*). On November 18, 1998, the guarantor assigned its right and title to the Defendant's defaulted loans to the U.S. Department of Education. (*Id.*).

The U.S. Department of Education has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balances on the loan obligations. (*Id.*). The Certificate of Indebtedness reflects that after application of all payments, the balance Defendant owed to the U.S. Department of Education as of October 29, 1999 is $8,894.16 ($5,510.37 in principal plus $3,383.79 in interest). (*Id.*). Interest continues to accrue on said principal balance at a rate of $1.21 per day. (*Id.*). To date, Defendant has not made any payments or entered into a payment plan on his loan obligations.

Defendant has failed to raise any affirmative defenses to this action, and has not disputed that he is in default.

## II.  LEGAL STANDARDS

Summary judgment is proper if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant has the burden of demonstrating through depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, the absence of any genuine material, factual dispute. *Id.* Even where the nonmovant fails to respond to a motion for summary judgment, the court must still review the motion and the supporting papers to determine whether there are no material facts in dispute and whether the movant is entitled to judgment. *See* Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly

support an assertion of fact or fails to properly address another party's assertion of fact…the court may…grant summary judgment if the motion and supporting materials - including the facts considered undisputed – show that the movant is entitled to it"); *Trustees of Central Pension Fund of Int'l Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc.*, 374 F.3d 1035, 1039-40 (11th Cir. 2004).

### III. ANALYSIS

"To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). By presenting the promissory notes and certificate of indebtedness, Plaintiff has met its burden of proof on summary judgment. *Id.*; *U.S. v. Ashanti*, No. 3:10cv42/MCR/EMT, 2010 WL 5510074, at *4 (N.D. Fla. Nov. 29, 2010 ) (stating that government can establish elements of breach of promissory note by producing the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst). Defendant has failed to rebut Plaintiff's evidence.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Summary Judgment is **GRANTED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 29th day of June 2015.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*

*Timothy Williams, Pro Se*
*16465 N.E. 22 Avenue, #511*
*North Miami Beach, Fl 33160*